# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARREN FINDLING, as Conservator of the
Estate of ROBERT WHEELER,

          Plaintiff,

v.

LEA WILLIAMS, and JAMES NYX, in their
individual capacities.

          Defendants.

Hon.

Case No.

---

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
michael@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, DARREN FINDLING, as Conservator of the Estate of ROBERT WHEELER, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

1
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Wheeler v. Williams and Nyx*      Michael L. Jones, Esq.
Case No.:      Jon R. Marko, Esq.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims raised this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

3. This Court has jurisdiction to issue declarator, and other relief under 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the City of Westland, County of Wayne, State of Michigan.

## PARTIES

5. Plaintiff Robert Wheeler was a patient housed at the Walter P. Reuther Psychiatric Hospital at 30901 Palmer Road, Westland, Michigan.

6. Defendant Lea Williams, sued in her individual capacity, was employed by Walter P. Reuther Hospital as a Registered Care Aide.

7. Defendant James Nyx, sued in his individual capacity, was employed by Walter P. Reuther Hospital as a Registered Care Aide.

## STATEMENT OF FACTS

8. Walter P. Reuther Psychiatric Hospital is a Michigan Department of Health & Human Services facility for the care of severely mentally ill adults.

9. The individuals housed at the Walter P. Reuther Psychiatric Hospital qualify as recipients of mental health services.

10. Robert Wheeler resided at Walter P. Reuther Psychiatric Hospital.

11. Defendants Lea Williams and James Nyx provided mental health services to Wheeler.

12. In or around May 2021, Lea Williams and James Nyx abused Wheeler.

13. Specifically, Defendant Williams violated Wheeler's rights by punching and beating Wheeler.

14. Specifically, Defendant Nyx violated Wheeler's rights by punching and beating Wheeler.

15. Williams and Nyx broke Wheeler's left thumb and tore the wall of his groin.

16. Wheeler's roommates at the time, Willette Jones and another man whose name is currently unknown, witnessed the beating.

17. Williams and Nyx subjected Wheeler to abuse, cruel and unusual punishment, and unlawful seizure without due process of law.

18. Walter P. Reuther Psychiatric Hospital's Senior Executive Director Mary Clare Solky substantiated the abuse.

19. Defendants' actions constitute an infliction of cruel and/or unusual punishment in violation of the Eighth Amendment and 42 U.S.C. § 1983.

20. Defendants' actions constitute a deprivation of life, liberty, or property without due process of law in violation of the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

21. That as a direct and proximate result of Defendants' unlawful actions, Wheeler required surgery.

22. That as a direct and proximate result of Defendants' unlawful actions, Wheeler sustained and continues to sustain noneconomic damages in the from emotional suffering, psychological injury, and trauma. Wheeler continues to experience fear, distrust, shock, fright, humiliation, embarrassment, nervousness, depression, and anxiety. This intensified Wheeler's post-traumatic stress and paranoia.

23. Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

## CAUSES OF ACTION

### COUNT I
### Eighth Amendment and 42 U.S.C. § 1983
### Cruel & Unusual Punishment

24. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

25. 42 U.S.C. § 1983 provides that every person who, under the color of state law, deprives a citizen of the United States any rights or privileges secured by the constitution shall be liable to the injured party at law or in equity.

26. The Eighth Amendment to the U.S. Constitution provides that there shall be no "cruel and unusual punishment inflicted."

27. Defendants Williams and Nyx unjustifiably assaulted Wheeler, which caused Wheeler severe physical and emotional injuries.

28. Defendant Williams and Nyx unnecessarily and wantonly inflicted pain upon Wheeler as described above.

29. Defendant Williams' and Nyx's actions were without penological justification and violated Michigan law.

30. Defendant Williams' and Nyx's actions were sufficiently severe and pervasive to establish they were not *de minimus* in nature, which is further demonstrated by Wheeler's injuries.

31. Williams' and Nyx's behavior was repugnant to the conscience of mankind.

32. Williams and Nyx acted with a culpable state of mind.

33. Defendant Williams and Nyx acted with deliberate indifference and/or with the purpose of causing Wheeler harm.

34. Williams and Nyx knew of and disregarded an excessive risk of harm to Wheeler.

35. Wheeler's right to be free from cruel and/or unusual punishment was clearly established at the time of the assault.

36. Williams and Nyx are not entitled to qualified immunity.

37. Defendant Williams and Nyx's actions constitute an infliction of cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

38. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered serious injuries as a direct result of the excessive force used by Defendants.

**COUNT II**
**Fourteenth Amendment**
**Denial of Due Process**

39. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

40. 42 U.S.C. § 1983 provides that every person who, under the color of state law, deprives a citizen of the United States any rights or privileges secured by the constitution shall be liable to the injured party at law or in equity.

41. The Fourteenth Amendment to the United States Constitution provides, "No State…shall…deprive any person of life, liberty, or property, without due process of law." U.S. Constitution Amendment XIV.

42. The Constitutional due process protections include a right to be free from unjustified intrusions on personal security and bodily integrity. See *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1062 (6th Cir. 1988).

43. Defendants Williams and Nyx were obligated to not cause or increase the risk of harm to Wheeler through their own affirmative acts without due process of law.

44. Defendants Williams and Nyx knew beating up Wheeler would harm Wheeler.

45. Defendants Williams and Nyx's behavior shocked the conscience.

46. Defendants Williams and Nyx's behavior was so brutal and offensive so as to not comport with traditional ideas of fairness and decency.

47. Defendants Williams and Nyx's actions were without penological justification and violated Michigan law.

48. Defendant Williams and Nyx's actions were sufficiently severe and pervasive to establish that they were not *de minimis* in nature, which is further demonstrated by the severity of Wheeler's injuries.

49. Williams and Nyx acted with deliberate indifference and/or with the purpose of causing Wheeler harm.

50. Williams and Nyx knew of and disregarded the excessive risk of harm to Wheeler.

51. Wheeler's right to be free from unjustified intrusions on personal security and bodily integrity was clearly established.

52. Defendants are therefore not entitled to qualified immunity.

53. Defendants' actions constitute a deprivation of life, liberty or property without due process of law in violation of the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

54. As a proximate result of Defendants' actions and inactions, Plaintiff suffered and continues to suffer emotional suffering, psychological injury, and trauma. Plaintiff continues to experience fear, distrust, shock, fright, humiliation, embarrassment, nervousness, depression, and anxiety.

55. Plaintiff is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## **DEMAND FOR RELIEF**

Plaintiff requests this Court:

a. Assert jurisdiction over this matter;

b. Enter judgment in favor of Plaintiff and against Defendants;

c. Award Plaintiff compensatory and punitive damages;

d. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

e. Grant other appropriate relief.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
1300 Broadway, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: 313-771-5728
michael@markolaw.com

Dated: June 23, 2023

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

8
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Wheeler v. Williams and Nyx*                                Michael L. Jones, Esq.
Case No.:                                                    Jon R. Marko, Esq.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARREN FINDLING, as Conservator of the
Estate of ROBERT WHEELER,

          Plaintiff,

v.

LEA WILLIAMS, and JAMES NYX, in their
individual capacities.

          Defendants.

Hon.

Case No.

---

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
michael@markolaw.com

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff by and through their attorneys, MARKO LAW, PLLC, and hereby demands a trial by jury in the above-captioned matter.

          Respectfully submitted,

          */s/ Michael L. Jones*
          Michael L. Jones (P85223)
          **MARKO LAW, PLLC**
          1300 Broadway, Fifth Floor
          Detroit, MI 48226
          (313) 777-7529 / Fax: 313-771-5728
          michael@markolaw.com

Dated: June 23 2023

9
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Wheeler v. Williams and Nyx*           Michael L. Jones, Esq.
Case No.:           Jon R. Marko, Esq.